## Gordon *v.* Drury.

An assignor of a chose in action is entitled to an indemnity against the costs of a suit brought by the assignee for its recovery, when the defence is founded upon transactions between the defendant and the assignee.

Assumpsit, upon a joint contract made by the defendant with the plaintiffs, Gordon & Bailey. Before the commencement of the action, Gordon, for a consideration, assigned his interest in the contract to Bailey, who sues for his own benefit alone. The defence set up is, that since the assignment the defendant had paid the debt to Bailey. Gordon has received no part of the debt at any time. Bailey being irresponsible, Gordon moved for indemnity against the costs which might result from an adverse termination of the suit.

*Hibbard*, for Gordon.

*I. & S. H. Goodall*, for Bailey.

GILCHRIST, C. J. A party, equitably entitled to a chose in action, may sue for it in the name of another when necessary, and the court will protect him against any acts of the nominal plaintiff designed to defeat the suit. But this right to sue in the name of another is in many cases attended with the condition, that the nominal plaintiff be indemnified against the consequences of an adverse termination of the suit. *Farnsworth* v. *Swett*, 5 N. H. 267 ; Arch. Pl. 70.

An assignment of a debt, not negotiable, implies the right to use the name of the original creditor in an action to recover it. But that right exists no longer than until the debt is paid, and the assignee cannot make experiments at the risk of the party who has assigned it, to compel the debtor to pay it again.

In this case, the defence set up is that the defendant has paid the debt to Bailey, who is now prosecuting for its recovery, and that, too, since the assignment. The defence may not indeed be sustained, but we think that it was no part of the contract of assignment that Gordon should take the hazard of such an issue. He should, therefore, be indemnified.

*Indemnity ordered.*